IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF COATESVILLE, ET AL. | : | NO.  10-0100 |

<u>MEMORANDUM</u>

**Padova, J.**                                                    **July 28, 2010**

*Pro se* Plaintiff Chalmers Simpson brings this action *in forma pauperis* against 50
defendants, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights.  Plaintiff seeks
compensatory and injunctive relief, and asks us to order the arrest of certain individuals who have
wronged him.   Currently before the Court is Plaintiff's Petition to Amend Complaint.  We have
conducted the screening required by 28 U.S.C. § 1915A, and conclude, for the following reasons,
that the Petition should be denied and the amended complaint dismissed.

**I.       BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State
Correctional Institute at Camp Hill, Pennsylvania.   The events underlying his Complaint and
Amended Complaint arose in Chester County, Pennsylvania between 2003 and 2009.  Plaintiff's
allegations pertain to various allegedly illegal arrests and prosecutions of the Plaintiff by officials
and employees of Coatesville and Chester County, Pennsylvania.

On January 13, 2010, we dismissed Plaintiff's *pro se* civil rights Complaint, which he had
filed *in forma pauperis* against the City of Coatesville, the City of West Chester, the Coatesville
Police Department, police officers, judges, district attorneys, assistant district attorneys, and many
others.  Our Order dismissed the Complaint without prejudice, and we granted Plaintiff leave to file

an amended complaint within thirty (30) days.  Our January 13, 2010 Memorandum noted that the Complaint was rambling and unclear and we instructed Plaintiff that, if he filed an amended complaint, he must comply with the following requirements:

> He must file an amended complaint which contains all of his claims, and in which he describes as legibly, clearly and briefly as possible: (1) the specific events or conditions which violated his constitutional rights; (2) the name of each person who violated his constitutional rights; (3) the dates on which his constitutional rights were violated by each defendant; (4) the harm he suffered, if any, from each violation; and (5) the specific relief he is requesting.  Plaintiff is reminded of the requirement that he plead specific fact paragraphs in his amended complaint, and that the caption of his complaint must contain the names of all of his defendants.

(Jan. 13, 2010 Mem. at 1-2.)   On February 16, 2010, Plaintiff filed a Petition to Amend the Complaint, asking that we allow him to file nine separate complaints under the caption of the instant suit.[1]  Plaintiff presently seeks relief from six judges of the Chester County Court of Common Pleas (one of these judges has joined the Pennsylvania Superior Court since the events alleged in the Amend Complaint); the Chester County District Attorney's Office; the Chester County District Attorney, the Deputy District Attorney, and six Assistant District Attorneys; two Magisterial District Judges; unnamed constables; the United States Department of Housing and Urban Development; the Regency Apartment Complex, the manager of the Regency and two tenants thereof; the Coatesville Police Department, four identified police officers, and six John Doe police officers; the City of Coatesville; the Chester County Board of Commissioners and six members of that Board; the Chester County Probation and Parole Office and one probation officer; the Chester County Courthouse; the Chester County Public Defender's Office, the Public Defender and four Assistant

---

[1]We refer to the nine new complaints separately by number and collectively as the "Amended Complaint."

Public Defenders, three of whom are identified and one of whom is a John Doe. Plaintiff seeks compensatory damages from all of the Defendants. He also asks that we order all of the Defendant Judges, the District Attorney and Assistant District Attorneys to recuse themselves from his state criminal cases; order that the venue be changed for one of his state criminal cases; order the arrest of certain Defendants on criminal charges; and order that other Defendants be investigated for misconduct.

## II.    LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from governmental entities and officers and employees of governmental entities. We are thus required to review his Amended Complaint, "before docketing, if feasible . . . ." <u>See</u> 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Two of the Defendants listed in the Amended Complaint are not alleged to be officers or employees of any governmental entity, one of those Defendants is a John Doe. To the extent that we are not required to screen claims asserted against private citizens pursuant to § 1915A, we are required to perform the same review of claims against non-governmental entities, officials and employees by 28 U.S.C. § 1915, because Plaintiff filed this action <i>in forma pauperis</i>. <u>See</u> 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) "seeks monetary relief against a defendant who is immune from such relief."). A claim is frivolous

if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915(e)(2)(B) and § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley. Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) and Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

### A. New Complaint No. 1

Plaintiff's New Complaint No. 1 asserts claims against Judge Anthony A. Scarcione of the Chester County Court of Common Pleas, Assistant District Attorney Donna Murphy, Magisterial District Judge Nancy Gill, Assistant District Attorney Anne Marie Wheatcraft, and unnamed and unnumbered constables. New Complaint No. 1 alleges the following facts. On May 21, 2009, Plaintiff was arrested without a warrant and incarcerated on false charges. (New Compl. No. 1 ¶¶ 9, 22, 37.) Plaintiff is still held in connection with his May 21, 2009 arrest. (Id. ¶ 10.) Judge Gill denied Plaintiff's request for a pre-trial line-up in connection with his May 21, 2009 arrest. (Id. ¶ 11.) The constables took Plaintiff to court to represent himself in connection with those charges. (Id. ¶ 12.) This criminal case, No. CR-2445-2009, was transferred to Judge Scarcione, who denied all of Plaintiff's pre-trial motions, including motions asking Judge Scarcione to recuse himself. (Id. ¶¶ 13-15. 18-19, 33-34.) Plaintiff issued trial subpoenas to the police officers who arrested him on May 21, 2009, but those subpoenas were not honored. (Id. ¶¶ 24-25.) Plaintiff also sought to present the testimony of Judge Gill at his trial, but she refused to appear. (Id. ¶ 26.) Plaintiff was denied

access to certain court documents and transcripts to which he was entitled. (Id. ¶¶ 29-32, 35.) New Complaint No. 1 alleges that the Defendants violated his rights under the Fourth and Fourteenth Amendments through falsely arresting and imprisoning him and violated his Sixth Amendment right to compulsory process for obtaining witnesses.[2] (Id. ¶¶ 22, 24.)

Plaintiff seeks monetary damages of $2,000,000 from Judge Scarcione, $200,000 from District Attorney Murphy; $200,000 from District Attorney Wheatcraft; $1,000,000 from Judge Gill, and $100,000 from Constable Doe. He also seeks an order requiring Judge Scarcione and five other Judges of the Chester County Court of Pleas, District Attorneys Wheatcraft and Murphy, four Assistant District Attorneys and the Chester County District Attorney's Office to recuse themselves from his case. He also asks this Court to grant his state court motion for change of venue and file criminal charges against each Defendant who has been involved in the factual circumstances underlying his claims.

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[2]New Complaint No. 1 also appears to assert claims for violation of the Pennsylvania Rules of Criminal Procedure pertaining to the provision of transcripts and copies of arrest warrants and supporting affidavits to criminal defendants. (New Compl. No. 1 ¶¶ 31-32, 35.) Such claims are not cognizable under § 1983. See Asque v. Commonwealth Allegheny County, Civ. A. No. 07-294, 2007 WL 1247051, at *2 (W.D. Pa. Apr. 27, 2007) (stating that "a violation of a state rule of criminal procedure simply does not establish a violation of Plaintiff's federal rights and, hence, fails to state a claim under Section 1983 because even where state law provides certain procedures should be followed, the state does not violate an individual's federal constitutional rights merely by deviating from its own established procedures" (listing cases)).

Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

Plaintiff's claims challenge the constitutionality of his May 21, 2009 arrest and his subsequent imprisonment, and prosecution. We must, therefore, consider whether they are barred by the favorable termination rule announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994):

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

> conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-487 (footnote omitted).  Plaintiff filed this suit before the underlying state court criminal action, No. CR-2445-2009, concluded.  In such cases we ordinarily stay the Plaintiff's claims until the criminal proceeding is resolved.  The Supreme Court has explained that, "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  Wallace v. Kato, 549 U.S. 384, 393-394 (2007) (citations omitted).  In such a case, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  Id. at 394 (citations omitted).

In order to determine whether Plaintiff's claims should be stayed, we have reviewed the docket for case no. CR-2445-2009.[3]  The docket shows that Plaintiff pled guilty to one count of retail theft pursuant to 18 Pa. Cons. Stat. Ann. § 3929 on April 13, 2010 and was sentenced to a term of imprisonment of 6 to 12 months on the same day.  See Commonwealth v. Simpson, Docket No. CR-2445-2009 (Chester County Ct. of Common Pleas).  He did not appeal this conviction, so it is now final.  See Pa. R. Crim. P. 720 (stating that a defendant who does not file a post-sentence motion shall file a notice of appeal within 30 days of imposition of sentence).  We conclude, accordingly,

---

[3]We may consider "public records (including court files, orders, records and letters of official actions or decisions of government agencies and administrative bodies)" in deciding a motion pursuant to Rule 12(b)(6).  Miller v. Cadmus Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994)).

that there is no basis to stay our consideration of whether his claims pertaining to that charge are barred by Heck.

Since Plaintiff entered a guilty plea to the charge in case no. CR-2445-2009, he cannot satisfy the favorable termination rule. Consequently, the claims asserted in New Complaint No. 1 are barred by Heck, including Plaintiff's claims for injunctive relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). New Complaint No. 1 thus fails to state a claim upon which relief may be granted. Plaintiff's Petition to Amend Complaint is, accordingly, denied with respect to New Complaint No. 1 and the claims asserted in that Complaint are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.[4]

B.    New Complaint No. 2

Plaintiff's New Complaint No. 2 asserts claims against the United States Department of Housing and Urban Development ("HUD"), the Regency Apartment Complex, manager Amanda Brake, tenant Danyell Johnson, and "Black John Doe Tenant Short" ("Tenant Doe"). New Complaint No. 2 alleges the following facts. Plaintiff lived at the Regency Apartment Complex,

---

[4]"[I]n civil rights cases, district courts must offer amendment - irrespective of whether it was requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Rule 12(b)(6). Id. (citation omitted). Since the claims asserted in New Complaint No. 1 are barred, we find that further amendment would be futile. The claims asserted in this Complaint are, accordingly, dismissed with prejudice.

which is owned by HUD, between 2007 and 2010 with his fiancee and their two children. (New Compl. No. 2 ¶¶ 2-3.) In late July or August 2007, Plaintiff was abused by Brake, Johnson and Tenant Doe, and obtained a protection from abuse order (the "PFA order"). (Id. ¶ 9.) Brake, Johnson and Sergeant James Pinto violated the PFA order several times. (Id. ¶ 10.) Brake and Johnson violated state law. (New Compl. No. 2, Ex B ¶¶ S, V.) Johnson failed to report income and assets to HUD that rendered her ineligible to reside in housing owned by HUD. (Id. ¶¶ T-U.) Plaintiff sought assistance from District Attorney Donna Murphy, the Coatesville Police Department, and Magisterial District Judge Grover E. Koon, but they did not help him. (New Compl. No. 2 ¶ 11.) On May 1, 2008, Plaintiff was forced from his apartment and, after being acquitted on trespassing charges on August 28, 2008, agreed not to return to his apartment while the PFA order was in effect. (Id. ¶¶ 12-13.) Plaintiff seeks an award of damages in the amount of $2,000,000 from Johnson; $8,000,000 from Brake and HUD; $100,000 from Tenant Doe; and $8,000,000 from the Regency Apartment Complex. (Id. ¶ 16.) He also seeks the arrest of all defendants on various state and federal criminal charges.

Plaintiff cannot assert an action pursuant to Section 1983 against an agency or employee of the federal government, as the statute applies only to persons acting under color of **state** law. See 42 U.S.C. § 1983. A plaintiff seeking to assert claims that a federal official violated his or her constitutional rights may bring a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Iqbal, 129 S. Ct. at 1948 (stating that a Bivens action "'is the "federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'" (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006))). In Bivens, the Supreme Court recognized the existence of an implied private right of action for monetary damages against federal

officers for violation of a citizen's Fourth Amendment rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-67 (2001). This private right of action has been extended to violations of the Due Process clause of the Fifth Amendment and the Cruel and Unusual Punishments clause of the Eighth Amendment. Ponton v. U.S. Dist. Court for the E. Dist. of Pa., Civ. A. No. 10-1514, 2010 WL 2010885, at *5 (E.D. Pa. May 17, 2010) (citing Davis v. Passman, 442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980)).

Bivens actions seeking monetary damages may not be asserted against federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Consequently, we conclude that New Complaint No. 2 fails to state a claim upon which relief may be granted against HUD, or its apartment complex. Plaintiff alleges that Brake is an employee of HUD, making her a federal employee. He does not, however, allege any facts that would support a claim that she has violated his Fourth, Fifth, or Eighth Amendment rights. Thus, New Complaint No. 2 fails to state a claim against Brake upon which relief may be granted. Neither Johnson nor Tenant Doe are alleged to be employees of the federal government. The Supreme Court has not extended the scope of Bivens actions to reach the conduct of private parties. Tare v. Bank of Am., Civ. A. No. 07-583, 2009 WL 799236, at *10 (D.N.J. Mar. 24, 2009) (citing Corr. Servs. Corp., 534 U.S. at 70). New Complaint No. 2 accordingly fails to state a claim upon which relief may be granted against either Johnson or Tenant Doe.

We also note Plaintiff lacks standing to bring a claim for the criminal prosecution of another person. "It is well-established that 'a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.'" Williams ex rel. Faison v. U.S. Penitentiary Lewisburg, Pa., No. 10-1300, 2010 WL 1695632, at *1 (3d Cir. Apr. 28, 2010) (per curiam) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). As New Complaint No. 2 fails to state a claim against any

of the named Defendants, Plaintiff's Petition to Amend Complaint is denied with respect to New Complaint No. 2, and the claims asserted in that Complaint are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

    C.    <u>New Complaint No. 3</u>

Plaintiff's New Complaint No. 3 asserts claims against Magisterial District Judge Grover E. Koon, Judge Thomas G. Gavin of the Chester County Court of Common Pleas, Danyell Johnson, Chester County Assistant District Attorney ("ADA") Jessica Krilivinsky, Sergeant James Pinto, Police Officer "John Doe White Male," the Coatesville Police Department, and the Chester County District Attorney's Office. New Complaint No. 3 alleges the following facts. On May 1, 2008, Plaintiff was arrested in his home by Sergeant Pinto and Police Officer Doe. (New Compl. No. 3 ¶ 1.) The police officers claimed that Plaintiff was trespassing. (<u>Id.</u>) The police officers did not have a warrant for Plaintiff's arrest. (<u>Id.</u> at ¶ 2.) Plaintiff showed the officers a copy of the PFA order, which gave him possession of the property, but he was arrested anyway and held for more than four hours. (<u>Id.</u> at ¶¶ 2, 20.) Plaintiff later discovered that his arrest was ordered by the Chester County District Attorney's Office and ADA Donna Murphy. (<u>Id.</u> at ¶ 4.) Plaintiff gave Judge Koon a copy of the PFA order at his arraignment, but Judge Koon ignored the PFA order and ordered Plaintiff not to return to his home. (<u>Id.</u> at ¶ 5.)

Prior to Plaintiff's May 1, 2008 arrest, he had been locked out of his apartment by Brake, who refused to give him a key between December 2007 and May 1, 2008. (<u>Id.</u> at ¶ 11.) During this time period, Plaintiff had to leave his door unlocked because he did not have a key, and his property was stolen from his home. (<u>Id.</u> at ¶¶ 12-15.) He tried to file a lawsuit against his landlord, but was prevented from doing so by Judge Koon. (<u>Id.</u> at ¶ 16.) Plaintiff also tried to file private criminal

complaints but was prevented from doing so by the Coatesville Police Department and the Chester County District Attorney's Office. (Id. at ¶ 17-18.)

Plaintiff's case was transferred to Judge Gavin, ADA Krilivinsky was the prosecutor. (Id. at ¶ 23.) ADA Krilivinsky and Judge Gavin tampered with evidence during Plaintiff's July 2008 trial by destroying the transcripts and recordings of his pretrial proceedings before Judge Koon. (Id. ¶¶ 23, 31-38.) In addition, Drake and Johnson were permitted to present perjured testimony during Plaintiff's trial. (Id. at ¶ 25.) Judge Gavin acquitted Plaintiff on August 28, 2008, but told him not to return to his apartment. (Id. at ¶ 26.)

New Complaint No. 3 asserts claims for violation of Plaintiff's Fourth, Fourteenth, Fifth and Sixth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages of $5,000,000 from Judge Koon; $2,000,000 from Judge Gavin, $1,000,000 from Johnson; $2,000,000 from ADA Krilivinsky; $5,000,000 from Sergeant Pinto; $1,000,000 from Police Officer Doe; $10,000,000 from the Coatesville Police Department; and $5,000,000 from the Chester County District Attorney's Office. He also asks the Court to order that criminal charges be filed against Judge Koon, Judge Gavin, and ADA Krilivinsky.

1.  Judge Gavin, Judge Koon, ADA Krilivinsky, and the Chester County District Attorney's Office

Judges are absolutely immune from suits for monetary damages under Section 1983. Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) ("It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) and citing Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536 (1868))). "The Supreme Court has made it clear that 'judges of courts of superior or general jurisdiction are not

liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 355-56 (1978)).  Consequently, a judge may be sued in only two instances:  (1) if he or she is being sued for nonjudicial acts ("i.e., actions not taken in the judge's judicial capacity") or (2) if the judge's action were "'taken in the complete absence of all jurisdiction.'" Id. (quoting Mireles, 502 U.S. at 11-12). Whether an action is "judicial" depends on "'whether it is a function normally performed by a judge, and . . .  the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" Id. at 443 (quoting Stump, 435 U.S. at 362).  Absolute judicial immunity applies to both judges of courts of limited jurisdiction, such as magisterial district judges, and judges of courts of general jurisdiction, such as the Chester County Court of Common Pleas. Id. at 441-42. As the actions allegedly taken by Judge Gavin and Judge Koon were taken in their judicial capacities, in connection with a criminal case over which they had jurisdiction, they are absolutely immune from the claims asserted against them in New Complaint No. 3.

Prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting  Imbler v. Pachtman, 424 U.S. 409, 430, 431 (1976)).  "[A]bsolute prosecutorial immunity extends to all prosecutorial functions and activities, i.e. those in which the prosecutor is engaged in typical prosecutorial functions, even if the prosecutor acted willfully, maliciously or in bad faith." White v. Green, Civ. A. No. 09-1219, 2009 WL 2412490, at *3 (E.D. Pa. Aug. 4, 2009) (citing Imbler, 424 U.S. at 430).  This immunity encompasses the "alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence." Burns, 500 U.S.

at 486. Since ADA Krilivinsky's actions were taken in connection with her decision to charge Plaintiff and with her prosecution of Plaintiff on trespass charges, we conclude that she is absolutely immune from liability in connection with the claims asserted in New Complaint No. 3.

Since Judge Gavin, Judge Koon and ADA Krilivinsky are all absolutely immune from suit with respect to the claims for monetary damages asserted them in New Complaint No. 3, and since Plaintiff lacks standing to bring a claim seeking their criminal prosecution, see Williams, 2010 WL 1695632, at *1, we conclude that New Complaint No. 3 fails to state a claim upon which relief may be granted against any of these three Defendants.

The Chester County District Attorney's Office does not have immunity. However, it is not a separate legal entity, and, therefore, cannot be sued under § 1983. See Gregg v. Pettit, Civ. A. No. 07-1544, 2009 WL 57118, at *9 (W.D. Pa. Jan. 8, 2009); see also Maisonet v. City of Philadelphia, Civ. A. No. 06-4858, 2007 WL 1366879, at *2 n.4 (E.D. Pa. May 7, 2007); Schneyder v. Smith, Civ. A. No. 06-4986, 2007 WL 119955, at *5 n.7 (E.D. Pa. Jan. 9, 2007) (observing that District Attorney's Office is not a separate legal entity for purposes of § 1983 liability); Dickerson v. Montgomery County Dist. Attorney's Office, Civ. A. No. 04-4454, 2004 WL 2861869, at *2-3 (E.D. Pa. Dec. 10, 2004) (same) (citing Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997))). Since the Chester County District Attorney's Office cannot be sued under § 1983, we conclude that New Complaint No. 3 fails to state a claim against it upon which relief may be granted.

2.      Defendant Danyell Johnson

Johnson is alleged in New Complaint No. 2 to be a tenant in the Regency Apartment Complex. In New Complaint No. 3 she is alleged to be subject to the PFA order, to have given false reports at Plaintiff's preliminary hearing before Judge Koon, and to have perjured herself at

Plaintiff's trial before Judge Gavin.  Johnson is not alleged to have been an employee of any state or federal agency.

Private parties may be liable under Section 1983 only when they have acted under color of state law:

> Although private parties may cause the deprivation of rights, they may only be subjected to liability under § 1983 when they do so under color of state law.  Determining whether there has been state action requires an inquiry into whether "there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the State itself."

McCracken v. Ford Motor Co., Civ. No. 01-4466, 2001 WL 1526051, at *4 (E.D. Pa. Nov. 27, 2001) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), and citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).  We use the following test to determine whether a private party has acted under color of state law:

> The first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority.  The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982).  The Court of Appeals for the Third Circuit has delineated three Lugar sub-tests to determine whether there has been state action:  (1) whether the private entity has exercised powers that are traditionally in the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity.  Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995).

Id. at *4 n.8.  New Complaint No. 3 does not allege that Johnson exercised any powers which are traditionally in the exclusive prerogative of the state; that she acted with the help of, or in concert with, state officials; or that either the City of Coatesville or Chester County acted as a joint

participant with Johnson. We find, accordingly, that New Complaint No. 3 does not allege that Johnson acted under color of state law so as to subject her to liability pursuant to Section 1983. Moreover, Johnson is immune from suit pursuant to § 1983 to the extent that the claim against her is based on her testimony in Plaintiff's criminal proceedings because witnesses who testify in judicial proceedings have absolute immunity from suit under § 1983 in connection with that testimony. See Briscoe v. LaHue, 460 U.S. 325, 329-46 (1983). Since New Complaint No. 3 does not allege that Johnson acted under color of state law, and since Johnson is immune from suit in connection with her testimony, we conclude that New Complaint No. 3 fails to state a claim against Johnson upon which relief may be granted.

3. The Coatesville Police Department

A municipal police department cannot be sued separately from the municipality of which it is a part because it is not a separate, independent entity. See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (citations omitted); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 671 n. 7 (3d Cir. 1988))). We will, accordingly, treat the claims asserted against the Coatesville Police Department in New Complaint No. 3 as though they were asserted against the City of Coatesville.

A municipality may only be liable under § 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). A municipal policy is defined as a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947

F.2d 1042, 1059 (3d Cir. 1991) (quoting <u>Monell</u>, 436 U.S. at 690).  A municipal custom consists of "'such practices of state officials . . . [as are] so permanent and well settled as to constitute a custom or usage with the force of law.'"  <u>Id.</u> (quoting <u>Monell</u>, 436 U.S. at 691).

Once a policy or custom is identified, a plaintiff must establish that the municipality maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 389  (1989); <u>see also</u> <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom).  Deliberate indifference may be established by evidence that policymakers were aware of the constitutional deprivations and of the alternatives for preventing them, "but either deliberately choose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard."  <u>Simmons</u>, 947 F.2d at 1064 (footnote omitted); <u>see also</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 407 (1997) ("If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for.  Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action - the 'deliberate indifference' - necessary to trigger municipal liability."  (citing <u>City of Canton</u>, 489 U.S. at 390 n. 10)).  In addition, a plaintiff must also prove that the municipal policy or custom was "the proximate cause of the injuries suffered."  <u>Beck</u>, 89 F.3d at 972 n.6 (citation omitted).  The United States Court of Appeals for the Third Circuit has explained that "[a] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made

reasonably probable by permitted continuation of the custom." <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 851 (3d Cir. 1990) (quotation omitted).

Reading the allegations of New Complaint No. 3 in the light most favorable to the Plaintiff, we find that they do not allege any of the required elements of a <u>Monell</u> claim: (1) a municipal policy or custom that results in constitutional infringement; (2) a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise Coatesville police officers; and (3) a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that New Complaint No. 3 fails to state a claim against the City of Coatesville upon which relief may be granted.

### 4.    The remaining Defendants

New Complaint No. 3 also asserts claims for violations of Plaintiff's Fourth, Fourteenth, Fifth and Sixth Amendment rights against Sergeant Pinto and Police Officer Doe . The Complaint does not specify the manner in which those rights were violated by these specific Defendants. We believe, however, that the facts alleged in New Complaint No. 3 satisfy some of the elements of claims for false arrest and malicious prosecution in violation of the Fourth Amendment and of violation of the right to procedural due process in violation of the Fifth and Fourteenth Amendments.

New Complaint No. 3 alleges that Plaintiff was arrested without a warrant. The Fourth Amendment guarantees the right of persons to be secure from "unreasonable searches and seizures" and provides that "no warrants shall

proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." <u>Johnson v. Knorr</u>, 477 F.3d 75, 81-82 (3d Cir. 2007) (footnote omitted) (citing <u>Estate of Smith v. Marasco</u>, 318 F.3d 497, 521 (3d Cir. 2003)). A false arrest claim is different from a malicious prosecution claim in that "'[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.'" <u>Id.</u> (quoting <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998) and citing <u>Heck</u>, 512 U.S. at 484).

The facts alleged in New Complaint No. 3, that Plaintiff was arrested without a warrant, that he told the police officers arresting him for trespass that he had a PFA order against the manager of the apartment complex in which he was living, and that he was acquitted of the trespass charge, do not allege all of the elements of claims for false arrest or malicious prosecution under the Fourth and Fourteenth Amendments. We will give Plaintiff the opportunity to file an amended complaint that alleges sufficient facts to state § 1983 claims for false arrest and malicious prosecution in violation of the Fourth Amendment against Sergeant Pinto and Police Officer Doe, based on Plaintiff's May 1, 2008 arrest.

New Complaint No. 3 also alleges that Plaintiff's appearance before Judge Koon, and Plaintiff's trial before Judge Gavin were unfair. Both the Fifth and Fourteenth Amendments prohibit, in part, deprivations of liberty without due process of law. <u>See</u> <u>Mason v. Abington Twp. Police Dep't</u>, Civ. A. No. 01-1799, 2002 WL 31053827, at *5 (E.D. Pa. Sept. 12, 2002) (citing U.S. Const. amend. V); <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986) ("The Due Process Clause

of the Fourteenth Amendment provides: '[N]or shall any State deprive any person of life, liberty, or property, without due process of law.'" (quoting U.S. Const. amend. XIV)). "The due process clause of the Fifth Amendment, however, does not directly apply to the actions of state officials." Id. (citation omitted). See also Nguyen v. United States Catholic Conference, 719 F.2d 52, 54 (3d Cir.1983) ("The limitations of the fifth amendment restrict only federal governmental action . . . ." (citing Pub. Utils. Comm'n v. Pollak, 343 U.S. 451, 461 (1952))). Since Sergeant Pinto and Police Officer Doe are alleged to be officials of the City of Coatesville, not the federal government, New Complaint No. 3 fails to state a claim for violation of Plaintiff's Fifth Amendment rights on which relief may be granted.

The procedural due process protections of the Fourteenth Amendment do apply to state action and include the right to a fair trial. See Whitley v. Allegheny County, Civ. A. No. 07-403, 2010 WL 892207, at *23 (W.D. Pa. Mar. 9, 2010) (citing Brown v. Wainwright, 459 F. Supp. 244, 246 (M.D. Fla. 1978)). The right to a fair trial includes: (1) the requirement "that the prosecution disclose material exculpatory and impeachment evidence to the defense" in accordance with Brady v. Maryland, 373 U.S. 83 (1963); (2) "the right to a trial free from prejudicial and irrelevant evidence[;] and [(3)] the right to an evidentiary investigation that is not conducted in a shockingly reckless manner." Id. (citing Clark v. Duckworth, 906 F.2d 1174, 1177 (7th Cir.1990) and Amrine v. Brooks, Civ. A. No. 04-4300, 2007 WL 436087, at *11 (W.D. Mo. Feb. 6, 2007)). The right to a fair trial also includes the right to be free from fabricated or altered evidence. See Crawford v. Commonwealth of Pa., Civ. A. No. 03-693, 2005 WL 2465863, at *7-10 (M.D. Pa. Oct. 6, 2005), vacated in part on other grounds, Crawford v. Commonwealth of Pa., Civ. A. No. 03-693, 2006 WL 148881 (M.D. Pa. Jan 19, 2006); see also Stepp v. Mangold, Civ. A. No. 94-2108, 1998 WL 309921,

at *7 (E.D. Pa. June 10, 1998). However, while the procedural due process protections of the Fourteenth Amendment would be violated by the intentional presentation of perjured testimony or fabricated evidence, New Complaint No. 3, does not allege that either Sergeant Pinto or Police Officer Doe played any part in these or any other allegedly unfair aspects of Plaintiff's pretrial hearing before Judge Koon, or his trial on the trespass charge. We conclude, accordingly, that New Complaint No. 3 fails to state a claim for violation of Plaintiff's Fourteenth Amendment right to a fair trial on which relief may be granted against either Sergeant Pinto or Police Officer Doe.

New Complaint No. 3 also alleges a violation of Plaintiff's rights under the Sixth Amendment. The Sixth Amendment guarantees the following rights to the accused in a criminal proceeding: "a speedy and public trial, by an impartial jury . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have a compulsory process for obtaining witnesses in his favor; and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Viewing the allegations of New Complaint No. 3 in the light most favorable to Plaintiff, we find that they do not allege a violation of any of these rights. We conclude, accordingly, that New Complaint No. 3 fails to state a claim for violation of Plaintiff's Sixth Amendment rights upon which relief may be granted.

     5.     <u>Conclusion</u>

For the reasons stated above, we conclude that New Complaint No. 3 fails to state a claim against any Defendant upon which relief may be granted. Plaintiff's Petition to Amended Complaint is, according, denied as to all claims asserted in New Complaint No. 3. Plaintiff's claims of false arrest and malicious prosecution in violation of the Fourth Amendment are dismissed without prejudice to Plaintiff filing an amended complaint that alleges facts sufficient to support all of the

elements of § 1983 claims for false arrest and malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest for trespass and subsequent prosecution, against only Sergeant Pinto and Police Office "John Doe White Male." The remainder of the claims asserted in New Complaint No. 3 are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

D.    New Complaint No. 4

New Complaint No. 4 asserts claims against the City of Coatesville and the following present and former members of the Chester County Board of Commissioners: Judge Paula Francisco Ott; District Attorney Joseph Carrol, Terence Farrell, Carol Aichele, Kathi Cozzone, Carolyn B. Welsh, and Valentino F. Digiorgio, III (collectively, the "Board of Commissioners Defendants").[5] New Complaint No. 4 alleges the following facts regarding these Defendants. Plaintiff was falsely arrested in 2003 and, because Autumn Bryant of the Chester County Office of Probation & Parole lodged a detainer against him, he was imprisoned for 11 and ½ months by Judge John L. Hall of the Chester County Court of Common Pleas. (New Compl. No. 4 ¶¶ 2-3, 15.) Plaintiff contacted Judge Ott, but she refused to help him. (Id. ¶ 6.) He also contacted the Chester County Board of Commissioner's Office more than ten times. (Id. ¶ 7.) Plaintiff was forced to plead guilty to the false charges against him in 2004. (Id. ¶ 14.)

---

[5]Terence Farrell, Carol Aichele, and Kathi Cozzone are currently Commissioners of Chester County. The remainder of the Defendants named in New Complaint No. 4 are being sued as former Commissioners of Chester County. Although Plaintiff has also sued Judge Ott in her judicial capacity in New Complaint No. 5, the claims asserted against her in New Complaint No. 4 appear to arise solely from her capacity as a former member of the Chester County Board of Commissioners. Similarly, while Plaintiff has also sued District Attorney Carrol in his capacity as District Attorney of Chester County in New Complaint No. 6, the claims asserted against him in New Complaint No. 4 appear to arise solely from his capacity as a former member of the Chester County Board of Commissioners.

During the summer of 2007, Plaintiff sold his car, a 1989 black Dodge Sundance, to Michael Criss Connor Gutema. (Id. ¶ 17.) Mr. Gutema and two other individuals were arrested on drug charges in Coatesville on September 6, 2007. (Id. ¶ 18.) Sergeant Pinto called Plaintiff on September 6, 2007 to ask him about the car. (Id. ¶ 20.) Plaintiff met with Sgt. Pinto on September 7, 2007 and was falsely arrested on charges related to a gun, bullets, and drugs that did not belong to him. (Id. ¶¶ 20-23.) Plaintiff was imprisoned for close to two months on those charges. (Id. ¶ 24.) Plaintiff contacted the Board of Commissioners Defendants for help, but no one helped him. (Id. ¶ 28.)

Plaintiff also sought help from the Board of Commissioners Defendants in connection with his landlord/tenant issues prior to May 1, 2008. (Id. ¶ 30.) The Board of Commissioners Defendants all knew that Plaintiff was being retaliated against by his landlord, but did nothing to help him. (Id. ¶ 32.) Plaintiff was illegally arrested on November 15, 2008 and May 21, 2009. (Id. ¶ 35.) He contacted the Board of Commissioners Defendants regarding these arrests, but his pleas were ignored and no one came to his aid. (Id. ¶¶ 36-38, 40.)

Plaintiff claims that the Board of Commissioners Defendants turned their heads and permitted his Fourth and Fifth Amendment rights to be violated when he was illegally arrested. (Id. at 40-41.) Plaintiff seeks an award of damages in the amount of $10,000,000 from the City of Coatesville, $5,000,000 from the "Commissioners of Chester County," and $5,000,000 from the "Chester County Board Members."[6]

Some of the claims asserted in New Complaint No. 4 relate to Plaintiff's 2003-04 arrest and

---

[6]While it appears that Plaintiff is attempting to sue two different groups, the "Chester County Commissioners" and the "Chester County Board Members," there is, in fact, one Chester County Board of Commissioners.

imprisonment. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. Ann. § 5524(2) and Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993)). Since Plaintiff's claims relating to his 2003-04 arrest and imprisonment arose more than two years prior to his filing the original Complaint in this action on September 30, 2009, Plaintiff's claims relating to his 2003-04 arrest and imprisonment are time barred.

Plaintiff's remaining claims against the City of Coatesville in New Complaint No. 4 seek to impose municipal liability but do not allege any facts that would establish that the alleged false arrests and subsequent imprisonments of Plaintiff implemented or executed an official policy, regulation, or decision of the City of Coatesville or any of its informally adopted customs. We conclude that the facts alleged with respect to the City of Coatesville in New Complaint No. 4 fail to satisfy any of a § 1983 municipal liability claim. See Monell, 436 U.S. at 690-91, 694.

Plaintiff's claims against the Board of Commissioners Defendants are based on their failure to assist Plaintiff when his civil rights were being violated by others. However, a person may not be held liable pursuant to § 1983 based solely on the actions of others. Such a person may only be held liable if he or she was personally involved in the wrongdoing or established or maintained a policy that directly led to the plaintiff's injury.

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (alteration in original) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Actual

knowledge and acquiescence" will result in liability only where the person sued has direct supervisory authority over the person who violated the plaintiff's rights. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997) ("As a general matter, a person who fails to act to correct the conduct of someone over whom he or she has no supervisory authority cannot fairly be said to have 'acquiesced' in the latter's conduct."), overruled in part on other grounds by Burlington N. & Sante Fe. Ry. Co. v. White, 548 U.S. 53 (2006). "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). New Complaint No. 3 does not allege that any of the Board of Commissioners Defendants was personally involved in Plaintiff's false arrests and imprisonments, supervised any of the individuals who were personally involved in Plaintiff's false arrests and imprisonments, or established and maintained a policy, practice or custom which directly caused Plaintiff's false arrests and imprisonments.

Since the claims asserted in New Complaint No. 4 relating to Plaintiff's 2003-04 arrest and imprisonment are time barred, the facts alleged with respect to the City of Coatesville fail to state a claim for municipal liability pursuant to Monell, and the facts alleged with respect to the Board of Commissioners Defendants fail to allege that any of those Defendants personally participated in the alleged violations of Plaintiff's rights, supervised the individuals who violated Plaintiff's civil rights, or established and maintained a policy, practice or custom which directly caused the violations of Plaintiff's civil rights, we conclude that New Complaint No. 4 fails to state a claim upon which relief

may be granted. The Petition to Amend is thus denied with respect to the claims asserted in New Complaint No. 4 and those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

      E.      <u>New Complaint No. 5</u>

New Complaint No. 5 asserts claims against President Judge James P. MacElree and Judge Ronald C. Nagle of the Chester County Court of Common Pleas, Judge Ott, Judge Gavin, Judge Hall, and Judge Scarcione. New Complaint No. 5 alleges the following facts. Between 2003 and 2010 Plaintiff's civil rights were violated and he was forced into poverty because the Defendant Judges allowed false charges to be filed against him by Chester County Officials, the Chester County District Attorney's Office, the Coatesville Police Department, and the Magisterial District Judges of Chester County. The Complaint specifically avers that Plaintiff was incarcerated for 11 and ½ months between 2003 and 2004 by Judge Hall as a result of a detainer lodged against him by Probation Officer Autumn Bryant. (New Compl. No. 5 ¶¶ 2-3.) Plaintiff's Public Defender, Elizabeth Plasser, failed to help Plaintiff, who largely represented himself. (<u>Id.</u> ¶ 3.) Plasser forced Plaintiff to plead guilty to the false charge against him or remain incarcerated. (<u>Id.</u>)

On August 28, 2008, Plaintiff was acquitted of trespassing, but Judge Gavin ordered him to stay away from his home. (<u>Id.</u> ¶¶ 4-5.) Plaintiff attempted to appeal his acquittal because of this condition, but was prevented from appealing. (<u>Id.</u> ¶¶ 6-7.) Since Plaintiff could not return to his home, his property was stolen, lost or destroyed. (<u>Id.</u> ¶¶ 8-10.)

Plaintiff was illegally stopped and seized by the Coatesville Police Department on November 15, 2008. (<u>Id.</u> ¶ 11.) He was later falsely charged in connection with that stop and incarcerated on the false charge. (<u>Id.</u> ¶¶ 12-13.) Judge Nagle ignored the motions Plaintiff filed in connection with that case. (<u>Id.</u> ¶ 14.) Plaintiff contacted Judge Nagle and Judge MacElree about his false arrest and

sent them information establishing that his arrest was unlawful.  (Id. ¶¶ 16-18.)

Plaintiff also informed Judge Ott about the occasions on which he had been illegally arrested between 2003 and 2009, but she refused to become involved.  (Id. ¶¶ 19-22.)  Plaintiff has been prevented from filing motions in his criminal cases in July, August, September, November and December of 2009 and on January 28, and January 29, 2010, but Judge Ott and Judge MacElree have allowed this illegal activity to continue.  (Id. ¶¶ 23-27.)

New Complaint 5 does not specify which of Plaintiff's constitutional or other civil rights were violated by the Defendants.  New Complaint No. 5 asks for the following non-monetary relief: that Plaintiff's criminal case No. CR-2445-09, which was brought before the Chester County Court of Common Pleas, be transferred to the Philadelphia County Court of Common Pleas and that the Judges of the Chester County Court of Common Pleas and the employees of the Chester County District Attorney's Office be referred to the Supreme Court of Pennsylvania Judicial Conduct Board and Disciplinary Board.  Plaintiff also seeks $1,000,000 in damages from each of the Defendants listed in New Complaint No. 5.

As we discussed in Section III, C, 1, *supra*, judges are entitled to absolute immunity in connection with claims for monetary damages arising from their judicial acts.  See Figueroa, 208 F.3d 440.  Consequently, Judge Hall is absolutely immune from suit in connection with the actions he took in connection with Plaintiff's 2003-04 arrest and imprisonment,[7] Judge Gavin is absolutely immune from suit in connection with his actions taken with respect to Plaintiff's May 1, 2008 arrest and acquittal on trespassing charges, and Judge Nagle is absolutely immune from suit in connection

---

[7]In addition, as we discussed in Section III, D, *supra*, Plaintiff's claims against Judge Hall relating to his 2003-04 arrest and imprisonment are time barred.

with his actions taken with respect to Plaintiff's November 15, 2008 arrest. In addition, as we discussed in Section III, A, *supra,* Plaintiff's claims arising from his May 21, 2009 arrest, including his claims against Judge Scarcione, are bared by the favorable termination rule of <u>Heck</u>, because he pled guilty to the charge arising from that arrest. <u>See</u> <u>Heck</u> 512 U.S. at 486-87.

While the bases of Plaintiff's claims against Judges MacElree and Ott are not clear from the Amended Complaint, those claims appear to arise from the authority Plaintiff assumes Judges MacElree and Ott held over other judges on the Chester County Court of Common Pleas while they each held the position of President Judge of the Chester County Court of Common Pleas. Judges MacElree and Ott are entitled to absolute immunity with respect to actions they took, or failed to take, in connection with Plaintiff's criminal cases. <u>See</u> <u>Smith v. First Judicial Dist. of Pennsylvania</u>, Civ. A. No. 04-CV-5636, 2005 WL 1279095, at \*2 (E.D. Pa. May 25, 2005) (dismissing claim against the Administrative Judge of the Philadelphia Court of Common Pleas, Family Division, because the complaint did not allege that she "acted outside of her judicial capacity or 'beyond the normal course of court business'" (quoting <u>Feingold v. Hill</u>, 521 A.2d 33, 36 (Pa. Super. Ct. 1983))).

The Defendants named in New Complaint No. 5 are all judges who have absolute judicial immunity with respect to the claims for monetary damages asserted against them by Plaintiff in that Complaint. We are aware of no authority pursuant to which we could grant the non-monetary relief requested by Plaintiff in New Complaint No. 5 and, therefore, we conclude that New Complaint No. 5 fails to state a claim pursuant to § 1983 upon which relief may be granted. Plaintiff's Petition to Amend Complaint is thus denied with respect to the claims asserted in New Complaint No. 5 and those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

F.    New Complaint No. 6

Plaintiff's New Complaint No. 6 asserts claims against the Chester County District Attorney's Office, District Attorney Joseph Carrol, Deputy District Attorney Nicholas Casenta, and Assistant District Attorneys John Pavloff, Jessica Krilivinsky, Donna Murphy, Edward J. Gallen, Stephen Kelly and Ann Marie Wheatcraft.  New Complaint No. 6 alleges the following facts. Plaintiff was arrested on false charges on September 7, 2007 and held for one and one-half to two months.  (New Compl. No. 6 ¶¶ 2-3.)  As a result of this warrantless arrest, Plaintiff lost his two children and fiancee, his job, his salary, and his liberty.  (Id. ¶ 4.)

On May 1, 2008, two Coatesville Police Officers broke into Plaintiff's residence and arrested him.  (Id. ¶¶ 4, 12.)  The Officers told Plaintiff that ADA Murphy ordered them to force Plaintiff out of his residence.  (Id. ¶ 5.)  ADA Murphy has admitted that she signed the document that caused Plaintiff to be arrested at his residence.  (Id. ¶ 7.)  During Plaintiff's preliminary hearings and August 28, 2008 trial on trespass charges, ADA Krilivinsky permitted Amanda Brake to commit perjury. (Id. ¶ 13.)  Prior to the trial, ADA Krilivinsky and Judge Gavin altered the transcripts of Brake's prior perjury.  (Id. ¶ 14.)

The Chester County District Attorney's Office permitted Plaintiff to be arrested by Coatesville Police on November 15, 2008 and May 21, 2009.  (Id. ¶ 15.)  Both arrests were warrantless.  (Id. ¶¶ 17, 18.)  The Chester County District Attorney's Office, District Attorney Carrol, Deputy District Attorney Casenta and ADA Pavloff denied Plaintiff the right to file a private criminal complaint with respect to his September 7, 2007 arrest.  (Id. ¶¶ 19, 22.)  ADA Wheatcraft denied Plaintiff the opportunity to file private criminal complaints on July 14, 2009 and November 9, 2009.  (Id. ¶¶ 20, 23.)  The District Attorney's Office, District Attorney Carrol, ADA Murphy,

ADA Krilivinsky, ADA Gallen, and ADA Kelly prevented Plaintiff from filing other private criminal complaints between 2007 and May 1, 2008. (Id. ¶¶ 24-25.)

New Complaint No. 6 alleges violations of Plaintiff's Fourth, Fourteenth, Fifth, and Sixth Amendment rights and seeks monetary damages as follows: $10,000,000 from the Chester County District Attorney's Office; $5,000,000 from District Attorney Carrol; $1,000,000 from Deputy District Attorney Casenta; $1,000,000 from ADA Pavloff; $2,000,000 from ADA Krilivinsky; $2,000,000 from ADA Murphy; $50,000 from ADA Gallen; $50,000 from ADA Kelly; and $1,000,000 from ADA Wheatcraft.

Plaintiff's claims in New Complaint No. 6 are based on decisions made by prosecutors regarding whether to charge Plaintiff and others with criminal acts and on the actions those prosecutors took to prosecute Plaintiff in connection with those charges. As we discussed in Section III.C.1., *supra*, prosecutors have absolute immunity as long as the challenged actions are typical prosecutorial functions. See White, 2009 WL 2412490, at *3 (citing Imbler, 424 U.S. at 430). This immunity encompasses the "alleged knowing use of false testimony at trial . . . ." Burns, 500 U.S. at 486. We conclude, accordingly, that the Chester County prosecutors named as Defendants in New Complaint No. 6 are absolutely immune from the claims asserted against them in that Complaint. As we also discussed in Section III.C.1., *supra*, the Chester County District Attorney's Office is not a separate legal entity that can be sued under § 1983. See Gregg, 2009 WL 57118, at *9.

Since the individual Defendants listed in New Complaint No. 6 are all absolutely immune from liability arising from the claims asserted in this Complaint, and since the Chester County District Attorney's Office cannot be sued under § 1983, we conclude that New Complaint No. 6 fails to state a claim upon which relief may be granted against any Defendant. The Petition to

Amend Complaint is thus denied with respect to New Complaint No. 6 and the claims asserted in that Complaint are dismissed with prejudice as against District Attorney Carrol, Deputy District Attorney Casenta, ADA Pavloff, ADA Krilivinsky, ADA Murphy, ADA Gallen, ADA Kelly and ADA Wheatcraft pursuant to 28 U.S.C. § 1915A(b)(2) because New Complaint No. 6 seeks monetary relief from defendants who are immune from such relief. The claims asserted in New Complaint No. 6 are dismissed with prejudice as against the Chester County District Attorney's Office pursuant to 28 U.S.C. § 1915A(b)(1) because the Complaint fails to state a claim against that Defendant upon which relief may be granted.

G.    New Complaint No. 7

Plaintiff's New Complaint No. 7 asserts claims against the City of Coatesville, the Coatesville Police Department, Chief of Police William Mathews, Sergeant James Pinto, Police Officer McCarthy, Police Officer Macelroy, and five John or Jane Doe police officers (the individual Defendants are referred to collectively, as the "Police Officer Defendants"). New Complaint No. 7 alleges the following facts. Plaintiff was arrested pursuant to warrants issued without probable cause and that contained defects, including dates that had been changed by police officers. (New Compl. No. 7 ¶ 1.) On more than one occasion, a vehicle in which Plaintiff was riding was singled out by police officers and searched and seized, in violation of Plaintiff's constitutional rights and Pennsylvania law. (Id. ¶ 2.)

On November 15, 2008 and May 21, 2009, the vehicle in which Plaintiff was riding was stopped by the police in violation of 75 Pa. Cons. Stat. Ann. § 3368(a). (Id.). On November 15, 2008, the Ford Explorer in which Plaintiff was riding was stopped by Police Officer McCarthy and Police Officer "John Doe Spanish Male" for no reason, in violation of 75 Pa. Cons. Stat. Ann. §

3368(a) and the Fourth Amendment. (Id. ¶ 3.) On May 1, 2008, Plaintiff was assaulted by Police

Officer "John Doe Black Bald Heavy Male" and "John Doe Italian Stocky Male" while he was being

falsely arrested by those police officers. (Id. ¶ 5.) In April 2008, Plaintiff was assaulted by an

individual using a razor and a butcher knife. (Id. ¶¶ 6-7.) Plaintiff reported this assault to Sergeant

James Pinto and Police Officer "John Doe Male," but they did nothing. (Id. ¶ 6.) Sergeant Pinto,

Police Chief William Mathew, and other Coatesville Police Officers allowed Plaintiff to be falsely

detained on and off from 2007 through 2009 and would not allow Plaintiff to file any complaints

regarding these detentions. (Id. ¶ 8.)

On September 7, 2007, Plaintiff was arrested without probable cause for selling a vehicle to

Michael Criss Connnor Gutema and was incarcerated by Sergeant Pinto, Police Chief Mathews, and

the Coatesville Police Department until October 17, 2007. (Id. ¶¶ 9-11.) During this time, Sergeant

Pinto filed false reports against Plaintiff that caused him to lose his children, his vehicles, and his

freedom, in violation of Plaintiff's Fourth Amendment rights. (Id. ¶ 10.) After Plaintiff was released

on October 17, 2007, he filed a private criminal complaint in connection with this arrest, which was

denied by Assistant District Attorney John Pavloff. (Id. ¶ 12.) Plaintiff also filed two private

criminal complaints against Sergeant Pinto and Mr. Gutema, alleging that they had falsified

information in connection with his arrest. (Id. ¶¶ 13-16.)

Prior to Plaintiff's May 1, 2008 arrest, he had a protection from abuse order issued by the

Chester County Court of Common Pleas in 2007. (Id. ¶ 18.) Also prior to that arrest, Sergeant

Pinto, "Jane Doe White Tall Female Sergeant," Police Officer "John Doe Black Bald Heavy Male,"

and Police Officer "John Doe Black Heavier Male" went to Plaintiff's residence and asked him how

long he had lived there. (Id. ¶ 18.) Plaintiff told the police officers that he had lived in the apartment

for five years, and showed them utility bills and other receipts that established his residence. (Id. ¶ 19-22.) The police officers then informed Amanda Brake and Danyell Johnson that they would have to file a landlord tenant complaint in order to evict Plaintiff. (Id. ¶ 23.) Between April 25, 2008 and April 30, 2008, the Coatesville Police Department, Johnson, Sergeant Pinto, and Brake contacted Assistant District Attorney Donna Murphy, who ordered Plaintiff's arrest at his residence. (Id. ¶ 24.) The actions of the Coatesville Police Department and the Police Officer Defendants violated Plaintiff's PFA order. (Id. ¶ 25.)

New Complaint No. 7 asserts that the City of Coatesville, the Coatesville Police Department, and the Police Officer Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by arresting him on September 7, 2007, May 1, 2008, May 28, 2008, August 28, 2008, November 15, 2008 and May 21, 2009. (Id. ¶ 30.) New Complaint No. 7 also states that the Police Officer Defendants violated Plaintiff's rights under Pennsylvania law by arresting him based on defective and stale warrants and illegal evidence. (Id. ¶ 31.) Plaintiff asks that we order the arrest of all of the Defendants listed in New Complaint No. 7 and award him monetary damages as follows: $20,000,000 from the City of Coatesville; $10,000,000 from the Coatesville Police Department; $2,000,000 from Sergeant Pinto; $2,000,000 from Police Officer McCarthy; $1,000,000 from "Jane Doe White Tall Female Sergeant;" $1,000,000 from Police Officer Macelroy; $5,000,000 from Police Officer ""John Doe Black Bald Heavy Male;" $5,000,000 from Chief of Police William Mathews; $2,000,000 from Police Officer "John Doe Black Heavier Male;" $2,000,000 from Police Officer "John Doe Spanish Short Male;" and $1,000,000 from Police Officer "John Doe Italian Stocky Male."

### 1.    The City of Coatesville and the Coatesville Police Department

As we discussed in Section III.C.3., *supra*, the Coatesville Police Department cannot be sued separately from the municipality of which it is a part because it is not a separate, independent entity. See Debellis, 166 F. Supp. 2d at 264. We will, accordingly, treat the claims asserted against the Coatesville Police Department in New Complaint No. 7 as if they were asserted against the City of Coatesville.  As we also discussed in Section III.C.3., *supra*, the City of Coatesville may only be liable under Section 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.  Monell, 436 U.S. at 690-91, 694.  Reading the allegations of New Complaint No. 7 in the light most favorable to the Plaintiff, we find that they do not allege any of the required elements of a Monell claim:  (1) a municipal policy or custom that results in constitutional infringement; (2) a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise Coatesville police officers; and (3) a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that New Complaint No. 7 fails to state a claim against the City of Coatesville and the Coatesville Police Department upon which relief may be granted.

### 2.    The Coatesville Police Officer Defendants

New Complaint No. 7 alleges that the Coatesville Police Officer Defendants violated Plaintiffs Fourth and Fourteenth Amendment rights in connection with his arrests on September 7, 2007, May 1, 2008, May 28, 2008, August 28, 2008, November 15, 2008 and May 21, 2009.  New Complaint No. 7 does not allege that Plaintiff had any contact with any Coatesville Police Officer on May 28, 2008 or August 28, 2008.  New Complaint No. 7 thus fails to state a claim upon which relief may be granted against any of the Coatesville Police Officer Defendants arising on either May

28, 2008, August 28, 2008.[8]  As we discussed in Section III.A., *supra*, Plaintiff's claims arising from

his May 21, 2009 arrest are barred by the favorable termination rule of Heck.  See Heck, 512 U.S.

at 486-87.  New Complaint No. 7 thus fails to state a claim upon which relief may be granted in

connection with Plaintiff's May 21, 2009 arrest.  In addition, as we discussed in Section III.C.1.,

*supra*, Plaintiff lacks standing to seek the criminal prosecution of any other person. Williams, 2010

WL 1695632, at *1.  Consequently, New Complaint No. 7 fails to state a claim for the arrest of any

of the Police Officer Defendants upon which relief may be granted.

Police Officer Macelroy is listed as a Defendant in this Complaint and Plaintiff seeks

$1,000,000 in damages from him.  However, New Complaint No. 7 does not allege any facts

concerning Police Officer Macelroy.  In addition, while New Complaint No. 7 alleges that  "Jane

Doe White Tall Female Sergeant" and Police Officer "John Doe Black Heavier Male" went to his

residence prior to his May 1, 2008 arrest, it does not allege that either of them participated in that

arrest or had any connection to any of Plaintiff's other arrests.  New Complaint No. 7 accordingly

fails to state a claim against Police Officer Macelroy, "Jane Doe White Tall Female Sergeant," or

Police Officer "John Doe Black Heavier Male" upon which relief may be granted.

New Complaint No. 7 asserts claims against Police Officer McCarthy and Police Officer

"John Doe Spanish Male" arising from Plaintiff's November 15, 2008 arrest following a traffic stop.

The Complaint alleges that these two police officers stopped the car in which Plaintiff was a

passenger without an articulable and reasonable basis, in violation of Plaintiff's Fourth Amendment

rights.  We have reviewed the criminal and appellate dockets in connection with Plaintiff's

---

[8]August 28, 2008 is the date that Plaintiff was acquitted on the trespassing charge for which
he was arrested on May 1, 2008.  (New Compl. No. 5 ¶ 4.)

November 15, 2008 arrest. Plaintiff was charged with retail theft, pursuant to 18 Pa. Cons. Stat. Ann. § 3929(A)(1); theft by unlawful taking, pursuant to 18 Pa. Cons. Stat. Ann. § 3921(A); and receiving stolen property, pursuant to 18 Pa. Cons. Stat. Ann. § 3925(A). See Commonwealth v. Simpson, Docket No. CR-4585-2008 (Chester County Ct. of Common Pleas). He pled guilty to all three charges on February 9, 2009. Id. On June 8, 2009, he was sentenced to a term of imprisonment of 14 months to 7 years. Id. On June 10, 2010, Judge MacElree reduced Plaintiff's minimum sentence to 10.5 months. Id. On July 6, 2009, Plaintiff filed an appeal to the Superior Court of Pennsylvania. See Docket No. 1993 EDA 2009 (Pa. Super. Ct). That appeal is still pending. Id. Since Plaintiff's appeal is still pending, we must stay Plaintiff's claims in connection with his November 15, 2008 arrest. See Wallace, 549 U.S. at 393-94.

New Complaint No. 7 also alleges that Sergeant Pinto and Police Chief Mathews violated Plaintiff's civil rights in connection with his September 7, 2007 arrest and subsequent imprisonment. A review of Plaintiff's criminal dockets shows that he was arraigned on September 7, 2007 on the following charges: (1) conspiracy to manufacture, deliver, possess with intent to manufacture or deliver, pursuant to 18 Pa. Cons. Stat. Ann. § 903(a)(1); (2) manufacture, delivery, possession with intent to manufacture or deliver a controlled substance, pursuant to 35 Pa. Stat. Ann. § 780-113(a)(30); (3) possession of a firearm by a former convict; pursuant to 18 Pa. Cons. Stat. Ann. § 6105; and (4) carrying a firearm without a license pursuant to 18 Pa. Cons. Stat. Ann. § 6106(a)(1). See Commonwealth v. Simpson, Docket No. CR-0000238-2007 (Chester County Ct. of Common Pleas). Those charges were withdrawn on October 17, 2007. Id.

While New Complaint No. 7 purports to assert claims pursuant to the Fourth and Fourteenth Amendment arising from this arrest, it does not specify the manner in which these rights were

violated. The facts alleged in New Complaint No. 7 with respect to Plaintiff's September 7, 2007 arrest and subsequent incarceration satisfy some of the elements of claims of false arrest, false imprisonment and malicious prosecution in violation of the Fourth Amendment against Sergeant Pinto and Police Chief William Mathew. However, these facts, that Plaintiff was arrested without probable cause on September 7, 2007 and held until October 17, 2007, are not sufficient to assert claims for false arrest, false imprisonment or malicious prosecution under the Fourth Amendment. We will give Plaintiff the opportunity to file an amended complaint that alleges sufficient facts to state all of the elements of a § 1983 claim for malicious prosecution in violation of the Fourth Amendment in connection with his September 7, 2007 arrest, against Sergeant Pinto and Police Chief Mathew. We will not permit Plaintiff to file an amended complaint asserting claims pursuant to § 1983 for false arrest or false imprisonment arising from that arrest, however, because the two year statute of limitations for such claims began to run when Plaintiff was arraigned on September 7, 2007 and expired prior to the filing of the instant complaint on September 30, 2009. See Wallace, 549 U.S. at 389-90 (stating that, since a prisoner's false imprisonment ends when he is arraigned and any unlawful detention thereafter becomes part of his damages for malicious prosecution, the statute of limitations begins to run on the prisoner's claim for false arrest and false imprisonment pursuant to § 1983 when legal process is initiated against him).

We also believe that the facts alleged in New Complaint No. 7 regarding Plaintiff's May 1, 2008 arrest satisfy some of the elements of claims of false arrest and excessive force in violation of the Fourth Amendment against Police Officer "John Doe Black Bald Heavy Male" and Police Officer "John Doe Italian Stocky Male." (New Compl. No. 7 ¶ 5.) While the allegations of New Complaint No. 7 are clearly insufficient to support either claim, we will allow Plaintiff the

opportunity to file an amended complaint that alleges sufficient facts to state claims under § 1983 for false arrest and excessive force in violation of the Fourth Amendment in connection with his May 1, 2008 arrest for trespass, against Police Officer "John Doe Black Bald Heavy Male" and Police Officer "John Doe Italian Stocky Male."[9]

### 3. Conclusion

For the reasons stated above, Plaintiff's Petition to Amend Complaint is denied with respect to New Complaint No. 7. The following claims asserted in New Complaint No. 7 are dismissed without prejudice and Plaintiff may file an amended complaint that alleges facts sufficient to support these claims: (1) Plaintiff's claim of malicious prosecution in violation of the Fourth Amendment in connection with his September 7, 2007 arrest asserted against Sergeant Pinto and Police Chief Mathew and (2) Plaintiff's claim for false arrest and excessive force in violation of the Fourth Amendment in connection with his May 1, 2008 arrest for trespass asserted against Police Officer "John Doe Black Bald Heavy Male" and Police Officer "John Doe Italian Stocky Male." Plaintiff's claim for monetary damages against Police Officer McCarthy and Police Officer "John Doe Spanish Male" arising from his November 15, 2008 arrest and subsequent prosecution and imprisonment are stayed. The remainder of the claims asserted in New Complaint No. 7 are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

### H. New Complaint No. 8

Plaintiff's New Complaint No. 8 asserts claims against the Chester County Probation and

---

[9] In order to state a claim pursuant to § 1983 for excessive force in violation of the Fourth Amendment, Plaintiff must allege facts which "'show that a seizure occurred and that it was unreasonable.'" Curley v. Klem 499 F.3d 199, 203 n.4 (3d Cir. 2007) (quoting Abraham v. Raso, 183 F.3d 279, 288 (3d Cir.1999)). "An officer seizes a person whenever he 'restrains the freedom of a person to walk away[.]'" Id. (quoting Tennessee v. Garner, 471 U.S. 1, 7 (1985)).

Parole Office, the Chester County Courthouse, Chester County Probation Officer Autumn Bryant, Judge John L. Hall, and Public Defender Elizabeth Plasser. New Complaint No. 8 alleges the following facts. Plaintiff was arrested by Philadelphia Police Officers in 2003 and taken to Chester County on charges that he had violated his parole by failing to pay fines and costs. (New Compl. No. 8 ¶¶ 1-4.) Plaintiff believes that he was imprisoned for over 11 and ½ months because Bryant failed to investigate his claim that he paid his fines and costs as ordered. (Id. ¶¶ 6-7.) Bryant gave false information to Judge Katherine Platt, who released Plaintiff. (Id. ¶¶ 9, 13.) Plaintiff notified Plasser of Bryant's false testimony, but Plasser ignored his cries for help, claiming that she was not Plaintiff's attorney. (Id. ¶¶ 10-11.) Plaintiff also sought help from Judge Ott and Judge Hall, the Chester County Board of Commissioners, and the Public Defender's Office, but no one helped him. (Id. ¶ 15.)

New Complaint No. 8 asserts that Plaintiff's Fourth Amendment rights were violated in connection with his imprisonment for violating his probation, in that he was not given a prompt preliminary hearing on the charges that he had violated his probation, and was not given notice, disclosure of supporting evidence, the right to be heard, the right to present evidence in his own defense, the right to cross-examine witnesses, and the right to appeal his sentence. (Id. ¶¶ 16-23, 29-30.) Plaintiff asks the Court to institute criminal charges against Bryant and also seeks monetary damages as follows: $5,000,000 from the Chester County Probation and Parole Office; $2,000,000 from Bryant; $2,000,000 from Judge Hall; and $2,000,000 from Plasser.

All of the claims asserted by Plaintiff in New Complaint No. 8 arise from his 2003 arrest and 2003-04 incarceration on charges that he had violated his probation. As we discussed in connection with New Complaint No. 4, see Section III.D., *supra*, Plaintiff's § 1983 claims arising from his arrest

and incarceration in 2003 and 2004 are barred by the two year statute of limitations for § 1983 claims. See Kach, 589 F.3d at 634. New Complaint No. 8 thus fails to state a claim arising from Plaintiff's 2003-04 arrest and imprisonment upon which relief may be granted. The Petition to Amend is, accordingly, denied with respect to the claims asserted in New Complaint No. 8 and those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

I.      New Complaint No. 9

Plaintiff's New Complaint No. 9 asserts claims against the Chester County Public Defender's Office, the Chester County Courthouse, Chief Public Defender John Merrick, Public Defender Dezzie R. Cole, Public Defender Nathan Schenker, and Public Defender "John Doe White Thin Curly Hair." New Complaint No. 9 alleges the following facts. Plaintiff's was represented by ineffective public defenders in the following cases: CR-4100-2003; CR-238-2007; CR-3056-2007; and CR-4585-2008. (New Compl. No. 9 ¶¶ 1-2.) These Public Defenders were ineffective in failing to investigate Plaintiff's cases; failing to challenge Plaintiff's illegal arrests; and failing to file pretrial motions, discovery, and writs of habeas corpus. (Id. ¶¶ 1-3.) Specifically, Cole failed to take any action to prosecute Plaintiff's appeal in case no. CR-3056-2007. (Id. ¶¶ 4-30.)[10] Schenker failed to challenge the charges against Plaintiff; request a pre-trial line-up; or move to suppress the identification of Plaintiff in case no. CR-4585-2008. (Id. ¶¶ *6-*26.) Doe represented Plaintiff in connection with case no. CR-0238-2007 even though they disagreed regarding strategy and Plaintiff asked him to withdraw as his counsel. (Id. ¶¶ **4-**8, **12.) Plaintiff asks that the individual Public Defenders be investigated for misconduct and that monetary damages be awarded as follows:

_____

[10]The allegations against each specific public defender in New Complaint No. 9 separately begin with paragraph 1. We refer to the first set of paragraph numbers as ¶¶ 1-30; the second set as ¶¶ *1-*26; and the third set as ¶¶ **1-**26.

$2,000,000 from Magisterial District Justice Robert L. Davis;[11] $5,000,000 from the Chester County Public Defender's Office; $2,000,000 from Chief Public Defender Merrick; $1,000,000 from Cole; $2,000,000 from Schenker; and $1,000,000 from Doe.

Plaintiff's claims against Cole, Schenker, and Doe all arise from their representation of Plaintiff in three of his criminal cases.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Consequently, Plaintiff cannot state claims against these individuals pursuant to § 1983 upon which relief may be granted.  See Kaucher, 455 F.3d at 423.

New Complaint No. 9 does not allege that Chief Public Defender Merrick was personally involved in any of the alleged violations of Plaintiff's civil rights.  He appears to have been sued solely because he is in charge of the Public Defender's Office in which Plaintiff's attorneys worked.  As we discussed in Section 3.D., *supra*, a supervisor may only be liable under§ 1983 "if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  A.M., 372 F.3d at 586 (citing Baker, 50 F.3d at 1190-91).  New Complaint No. 9 does not allege that Merrick participated in, directed,  had knowledge of, or acquiesced in the alleged violations of Plaintiff's civil rights.

---

[11]Magisterial District Judge Davis is not listed in the caption of New Complaint No. 9 as a Defendant, nor is he among the Defendants listed in the unnumbered introductory paragraph of this Complaint.  We conclude, accordingly, that Plaintiff did not intend to assert a claim against Judge Davis in New Complaint No. 9 and that his inclusion in the list of persons against whom Plaintiff seeks damages was a mistake.  In any event, Judge Davis is protected by absolute immunity in connection with claims for monetary damages arising from his judicial acts, and we would have to dismiss any § 1983 claim asserted against him by Plaintiff pursuant to 28 U.S.C. § 1915A(b)(2).  See Figueroa, 208 F.3d at 440.

Consequently, New Complaint No. 9 fails to state a claim against Merrick upon which relief may be granted.

New Complaint No. 9 also asserts claims against the Chester County Public Defender's Office and the Chester County Courthouse. New Complaint No. 9 does not allege the factual bases of Plaintiff's claim against either entity. That is irrelevant, however, as neither entity has the legal capacity to be sued pursuant to § 1983. See Tankersley v. Morris, Civ. A. No. 08-1653, 2009 WL 499264, at *5 (W.D. Pa. Feb. 26, 2009) (dismissing § 1983 claim against Public Defender's Office because "the Public Defender's Office lacks capacity to be sued" (citing Welch v. Lewis, Civ. A. No. 08-148, 2008 WL 516730, at *2 (E.D. Mo. Feb. 25, 2008) and Johnson v. Montgomery County Public Defender Office, Civ. A. No. 91-7615, 1992 WL 3593, at *1 (E.D. Pa., Jan.7, 1992))). See also Baxter v. Gander Mountain Corp., Civ. A. No. 05-295, 2006 WL 3455074, at *4 (W.D. Pa. Nov. 29, 2006) (dismissing § 1983 claim against the Erie County Courthouse because the courthouse is not "is a legal entity capable of being sued under 42 U.S.C. § 1983" (citing Duffy v. County of Bucks, 7 F. Supp. 2d 569, 578 (E.D. Pa. 1998); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); and Brinton v. Delaware County Adult Parole/Probation Dep't, Civ. A. No. 88-3656, 1988 WL 99681 (E.D. Pa. Sept. 22, 1988))). Since neither the Chester County Public Defender's Office nor the Chester County Courthouse may be sued under § 1983, we conclude that New Complaint No. 9 fails to state a claim against either of these Defendants upon which relief may be granted. Since New Complaint No. 9 fails to state a claim against any Defendant upon which relief may be granted, Plaintiff's Petition for Leave to Amend Complaint is denied with respect to the claims asserted in New Complaint No. 9 and those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

IV.    CONCLUSION

For the reasons stated above, Plaintiff's Petition to Amend Complaint is denied.  The claims asserted in New Complaints 1, 2, 4, 5, 6, 8, and 9 are dismissed with prejudice in their entirety pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

The claims asserted  against Sergeant Pinto and Police Officer "John Doe White Male" in New Complaint No. 3 are dismissed without prejudice to Plaintiff filing an amended complaint that alleges facts sufficient to support all of the elements of claims under § 1983 against these two Defendants for false arrest and malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest for trespass.  All of the other claims asserted in New Complaint No. 3 are dismissed with prejudice pursuant to 28 U.S.C. § 1915A .

The claims asserted in New Complaint No. 7 against Sergeant Pinto and Police Chief Mathew are dismissed without prejudice to Plaintiff filing an amended complaint that alleges facts sufficient to support all of the elements of a claim for malicious prosecution under Section 1983 against those two Defendants in connection with Plaintiff's September 7, 2007 arrest.  The claims asserted in New Complaint No. 7 against Police Officers "John Doe Black Bald Heavy Male" and "John Doe Italian Stocky Male" are dismissed without prejudice to Plaintiff filing an amended complaint that alleges facts sufficient to support all of the elements of § 1983 claims against those two Defendants for false arrest and excessive force in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest.  The claims asserted in New Complaint No. 7 against Police Officer McCarthy and "John Doe Spanish Short Male" for unlawful seizure in violation of the Fourth Amendment in connection with the November 15, 2008 traffic stop are stayed until the Pennsylvania Superior Court rules on Plaintiff's appeal, Docket No. 1993 EDA 2009.  All of the

other claims asserted in New Complaint No. 7 are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

The following are dismissed with prejudice as Defendants in this case: Judge Anthony A. Scarcione, Judge Thomas G. Gavin, Judge James P. MacElree, Judge Paula Francisco Ott, Judge John Hall, Judge Ronald C. Nagle, the Chester County District Attorney's Office, District Attorney Joseph Carrol, Deputy District Attorney Nicholas Casenta, Donna Murphy, Anne Marie Wheatcraft, Jessica Krilivinsky, John Pavloff, Edward Gallen, Stephen Kelly, Magisterial District Judge Nancy Gill, Magisterial District Judge Grover E. Koon, constables, HUD, the Regency Apartment Complex, Amanda Brake, Danyell Johnson, "Black John Doe Tenant Short," the Coatesville Police Department, "Jane Doe White Tall Female Sergeant," Police Officer Macelroy, Police Officer "John Doe Black Heavier Male," the City of Coatesville, the Chester County Board of Commissioners, Terence Farrell, Carol Aichele, Kathi Cozzone, Carolyn B. Welsh, Valentino F. Digiorgio III, the Chester County Probation and Parole Office, the Chester County Courthouse, Probation Officer Autumn Bryant, the Chester County Public Defender's Office, Public Defender John Merrick, Elizabeth Plasser, Dezzie R. Cole, Nathan Schenker, and Assistant Public Defender "John Doe White Thin Curly Hair."

Plaintiff may file **ONE** amended complaint, asserting claims pursuant to § 1983 against (1) Sergeant Pinto and Police Officer "John Doe White Male" for false arrest and malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest for trespass; (2) Sergeant Pinto and Police Chief Mathew for malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's September 7, 2008 arrest; and (3) Police Officer "John Doe Black Bald Heavy Male" and Police Officer "John Doe Italian Stocky Male" for false arrest and

excessive force in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest for trespass. The amended complaint may not add any additional claims or assert claims against any other Defendant.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.