IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHALMERS A. SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF COATESVILLE, ET AL. | : | NO. 10-0100 |

MEMORANDUM

**Padova, J.** February 14, 2011

*Pro se* Plaintiff Chalmers Simpson brings this civil rights action *in forma pauperis* against members of the Coatesville Police Department. Currently before the Court is Plaintiff's Motion to Amend Complaint.[1] Since our July 28, 2010 Order granted Plaintiff leave to file an Amended Complaint, he did not need to file a Motion to Amend Complaint. The document titled "Motion to Amended Complaint" contains the proposed Amended Complaint (beginning at paragraph 5 of the Motion) and we will, henceforth, refer to it as the Amended Complaint. We have conducted the screening required by 28 U.S.C. § 1915A, and, for the following reasons, the Amended Complaint is dismissed in part.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institution at Pine Grove in Indiana, Pennsylvania. We dismissed his initial Complaint and denied his Petition to Amend Complaint in this action pursuant to 28 U.S.C. § 1915A. Plaintiff's Petition sought leave to assert claims against 50 defendants arising from various allegedly illegal arrests and prosecutions of the Plaintiff by officials and employees of Coatesville and Chester

---

[1]Plaintiff has also filed a "Petition to Request Award Judgment" (Docket No. 27). This document contains the "wherefore" clause of the proposed Amended. We will treat the Petition to Request Award Judgment as if it had been filed with the rest of the Amended Complaint.

County, Pennsylvania between 2003 and 2009. We dismissed the majority of those claims with prejudice, pursuant to 28 U.S.C. § 1915A.[2] (7/28/10 Order at 1-2.) However, we did give Plaintiff leave to file an amended complaint alleging three categories of claims: (1) claims against Sergeant Pinto and Police Officer "John Doe White Male" for false arrest and malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest for trespass; (2) claims against Sergeant Pinto and Police Chief Mathews for malicious prosecution in violation of the Fourth Amendment in connection with Plaintiff's September 7, 2007 arrest; and (3) claims against Police Officers "John Doe Black Bald Heavy Male" and "John Doe Italian Stocky Male" for false arrest and excessive force in violation of the Fourth Amendment in connection with Plaintiff's May 1, 2008 arrest. (Id. at 3-4.) We cautioned Plaintiff that his amended complaint "**may not add any additional claims or assert claims against any other Defendant**." (Id. at 4.)

---

[2] We dismissed all of Plaintiff's claims against the following persons and entities with prejudice and also dismissed them, with prejudice, as Defendants in this action: Judge Anthony A. Scarcione, Judge Thomas G. Gavin, Judge James P. MacElree, Judge Paula Francisco Ott, Judge John Hall, Judge Ronald C. Nagle, the Chester County District Attorney's Office, District Attorney Joseph Carrol, Deputy District Attorney Nicholas Casenta, ADA Donna Murphy, ADA Anne Marie Wheatcraft, ADA Jessica Krilivinsky, ADA John Pavloff, ADA Edward Gallen, ADA Stephen Kelly, Magisterial District Judge Nancy Gill, Magisterial District Judge Grover E. Koon, constables, HUD, the Regency Apartment Complex, Amanda Brake, Danyell Johnson, "Black John Doe Tenant Short," the Coatesville Police Department, "Jane Doe White Tall Female Sergeant," Police Officer Macelroy, Police Officer "John Doe Black Heavier Male," the City of Coatesville, the Chester County Board of Commissioners, Terence Farrell, Carol Aichele, Kathi Cozzone, Carolyn B. Welsh, Valentino F. Digiorgio III, the Chester County Probation and Parole Office, the Chester County Courthouse, Probation Officer Autumn Bryant, the Chester County Public Defender's Office, Public Defender John Merrick, and Assistant Public Defenders Elizabeth Plasser, Dezzie R. Cole, Nathan Schenker, and "John Doe White Thin Curly Hair." (7/28/10 Order at 2-3.)
We also stayed Plaintiff's claims against Police Officer McCarthy and "John Doe Spanish Short Male" for unlawful seizure in violation of the Fourth Amendment in connection with a November 15, 2008 traffic stop until the Pennsylvania Superior Court rules on Plaintiff's appeal of his conviction in connection with that traffic stop, Docket No. 1993 EDA 2009. (Id. at 2.)

2

The Amended Complaint alleges the following facts. On May 1, 2008, Plaintiff was twice arrested for trespass at 203 Victoria Drive, Coatesville, Pennsylvania, his residence of almost six years. (Am. Compl. ¶¶ 5, 9-11.) Plaintiff was arrested the first time at 9:00 a.m., by Coatesville Police Sergeant James Pinto. (Id. ¶¶ 10, 21.) Later that day, he went to the Coatesville Police Department with verification that he resided at 203 Victoria Drive. (Id. ¶ 36.) Between 9:00 p.m. and 10:00 p.m., while Plaintiff was trying to get his work clothes from his residence, he was again arrested for trespass, this time by Police Officer Larry Cooper and another police officer. (Id. ¶ 11.) Police Officer Cooper and the other officer grabbed and assaulted Plaintiff during the arrest, then detained him for ten to twelve hours at the Coatesville Police Department. (Id.) Plaintiff was then released by Police Officer Cooper, who told Plaintiff that "he had made a mistake." (Id. ¶ 12.) The police did not have a warrant for either of Plaintiff's arrests on May 1, 2008. (Id. ¶ 22.) On August 12, 2008, Plaintiff was found not guilty by Judge Thomas G. Gavin following a non-jury trial. (Id. ¶ 6.)

Plaintiff suffered the following losses as a result of his arrest and prosecution. His furniture valued at $1300 was stolen, along with a dining room set valued at $11,000 and a vehicle valued at $4,000. (Id. ¶¶ 26(a).) Plaintiff lost wages in the amount of $800-1200/week because he was homeless and had to sleep in his motor vehicle for almost three months. (Id. ¶ 26(b).) He had to drop out of school where he was studying criminal justice and he now owes student loans in the amount of $2600. (Id. ¶ 26(c).) He lost personal property in the amount of $4200. (Id. ¶ 26(d).) He also experienced emotion problems as a result of his arrest and prosecution that required him to undergo therapy at Community Mental Health Services and he still takes medications for psychiatric symptoms, depression, chronic pain, poor sleep and a sleep disorder. (Id. ¶¶ 43-44.)

3

The Amended Complaint asserts six claims pursuant to 42 U.S.C. § 1983: (1) a claim against Sergeant Pinto and Police Officer Cooper[3] for false arrest in violation of the Fourth Amendment arising from Plaintiff's May 1, 2008 arrests (id. ¶¶ 10, 26, 30-33, 40); (2) a claim for malicious prosecution in violation of the Fourth Amendment against Sergeant Pinto and Police Officer Cooper arising from Plaintiff's prosecution for trespass (id. ¶¶ 26, 40); (3) a claim against Sergeant Pinto, Police Officer Cooper, and the Coatesville Police Department for violation of Article I, Section 8 of the Pennsylvania Constitution arising from Plaintiff's May 1, 2008 arrests (id. ¶¶ 10, 19-22); (4) a claim against the Coatesville Police Department for false arrest and unreasonable search and seizure in violation of the Fourth Amendment arising from Plaintiff's May 1, 2008 arrests (id. ¶ 37); (5) a claim against the Coatesville Police Department for denying Plaintiff's right to file private criminal complaints against any and all of the Police Officers involved in his arrests (id. ¶ 27); and (6) a claim against Police Chief William Mathews for maintaining a practice of handcuffing and arresting suspects before asking them any investigative questions (id. ¶ 39).[4] Plaintiff seeks damages in the amount of $10,000,000 from the City of Coatesville and the Coatesville Police Department; $5,000,000 from Police Chief Mathews; $5,000,000 from Sergeant James Pinto; and $1,000,000 from Police Officer Larry Cooper. (Pet. to Req. Award J. ¶ 3.)

---

[3]Police Officer Cooper was not mentioned in Plaintiff's Petition to Amend Complaint. We assume that he is one of the John Doe police officers named in that Petition and that, therefore, Plaintiff did not run afoul of our instruction that the amended complaint not assert claims against any new defendants. (July 28, 2010 Order at 3.)

[4]Paragraph 40 of the Amended Complaint mentions "John Doe Police Officer White Male" in the context of Plaintiff's false arrest and malicious prosecution claim. However, John Doe Police Officer White Male is not mentioned in any other paragraph of the Amended Complaint and Plaintiff does not request any damages from John Doe Police Officer White Male. We conclude, therefore, that the Amended Complaint does not purport to state any claims against John Doe Police Officer White Male.

## II. LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from employees of governmental entities. We are thus required to review his Amended Complaint, "as soon as practicable after docketing . . . ." See 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). We review the sufficiency of the pleadings under § 1915A using the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley, Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to . . . Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F. 3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny,

515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (citation omitted) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III.  DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that § 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

### A. The Pennsylvania Constitution

Our July 28, 2010 Order permitting Plaintiff to file an amended complaint instructed Plaintiff that he could include only claims brought against Sergeant Pinto, Police Chief Mathews and three John Doe Police Officers for false arrest, malicious prosecution, and excessive force in connection with Plaintiff's September 7, 2007 and May 1, 2008 arrests. Nonetheless, the Amended Complaint asserts a claim for violation of Plaintiff's rights under Article I, Section 8 of the Pennsylvania Constitution. Such a claim cannot be brought pursuant to § 1983 because that statute only provides "remedies for deprivations of rights established in the Constitution or federal laws." Kaucher, 455 F.3d at 423. Moreover, Plaintiff may not assert a claim directly pursuant to Article I, Section 8 of the Pennsylvania Constitution, because there is no authority that would permit a private right of

7

action for monetary damages for violation of the Pennsylvania Constitution. See Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006) (reversing trial court order permitting Jones to proceed to trial on a claim against the City of Philadelphia for excessive force in violation of Article I, Section 8 of the Pennsylvania Constitution and holding that "there is no separate cause of action for monetary damages for the use of excessive force in violation of Article I, Section 8 of the Pennsylvania Constitution"); see also Harris v. Paige, Civ. A. No. 08-2126, 2009 WL 3030216, at *4 (E.D. Pa. Sept. 22, 2009) ("[W]e have located no Pennsylvania case which implies a private right of action for damages for state constitutional violations. We have, however, located opinions from the Commonwealth Court of Pennsylvania, as well as from this Court and our sister court, explicitly holding that no such right exists under the Pennsylvania Constitution." (listing cases)). Plaintiff's claim against Sergeant Pinto, Police Officer Cooper, and the Coatesville Police Department for violation of Article I, Section 8 of the Pennsylvania Constitution is, accordingly, dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

  B.  Monell Claims

Plaintiff's Petition to Amend Complaint sought leave to assert claims against the City of Coatesville and the Coatesville Police Department. We dismissed those claims with prejudice and dismissed both the City of Coatesville and the Coatesville Police Department with prejudice as Defendants in this litigation. Our July 28, 2010 Order did not give Plaintiff leave to assert new claims against either the City of Coatesville or the Coatesville Police Department. Nonetheless, the Amended Complaint asserts three § 1983 claims against the Coatesville Police Department: (1) false arrest and unreasonable search and seizure pursuant to the Fourth Amendment; (2) denial of the right

to file private criminal complaints; and (3) violation of Article I, Section 8 of the Pennsylvania Constitution.[5] We treat these claims as if they were asserted against the City of Coatesville because a municipal police department cannot be sued separately from the municipality of which it is a part. See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (stating that municipal police departments cannot be sued pursuant to § 1983 "because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity" (citations omitted)); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 671 n.7 (3d Cir. 1988))).

Plaintiff's claim against the Coatesville Police Department arising from the Pennsylvania Constitution is dismissed for the reasons stated in Section III.A., above. Consequently, we need only determine whether his Fourth Amendment claim and his claim for violation of the right to file private criminal complaints satisfy the requirements for claims of municipal liability brought pursuant to § 1983. A municipality may only be liable under § 1983 when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978). A municipal policy is defined as a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (quoting Monell, 436 U.S. at 690). A

---

[5]The first two claims were previously raised by Plaintiff in his proposed New Complaint Number 3 and New Complaint No. 7, and were dismissed with prejudice by our July 28, 2010 Order because New Complaint No. 3 and New Complaint No. 7 did not allege any of the required elements of a municipal liability claim pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978).

municipal custom consists of "'such practices of state officials . . . [as are] so permanent and well settled as to constitute a custom or usage with the force of law.'" Id. (quoting Monell, 436 U.S. at 691) (internal quotation marks omitted).

Once a policy or custom is identified, a plaintiff must establish that the municipality maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of Canton v. Harris, 489 U.S. 378, 389 (1989); see also Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom). Deliberate indifference may be established by evidence that policymakers were aware of the constitutional deprivations and of the alternatives for preventing them, "but either deliberately choose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard." Simmons, 947 F.2d at 1064 (footnote omitted); see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 407 (1997) ("If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action -- the 'deliberate indifference' -- necessary to trigger municipal liability." (citing City of Canton, 489 U.S. at 390 n.10)). In addition, a plaintiff must also prove that the municipal policy or custom was "the proximate cause of the injuries suffered." Beck, 89 F.3d at 972 n.6 (citation omitted). The United States Court of Appeals for the Third Circuit has explained that "[a] sufficiently close causal link between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable

by permitted continuation of the custom." Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir.1990) (quotation omitted).

The Amended Complaint identifies two policies allegedly maintained by the Coatesville Police Department: (1) to "investigate was [sic] plaintiff really a trustpasser [sic] or a resident" (Am. Compl. ¶ 37(1)); and (2) "of handcuffing suspects and arresting them before asking any investigative questions about the suspects purpose" (Am. Compl. ¶ 39). While it appears that these alleged policies conflict, we need not attempt to reconcile them, as the Amended Complaint does not allege any facts from which we could infer that the Coatesville Police Department maintained them with "deliberate indifference" to the constitutional deprivations that they caused or the manner in which either of these policies was the proximate cause of the alleged violations of Plaintiff's constitutional rights. Reading the allegations of the Amended Complaint in the light most favorable to the Plaintiff, we find that they do not allege any of the required elements of a Monell claim: (1) a municipal policy or custom that results in constitutional infringement; (2) a widespread pattern of deliberate indifference or a failure to adequately and properly train or supervise Coatesville police officers; and (3) a resulting denial of Plaintiff's constitutional rights. We conclude, accordingly, that the Amended Complaint fails to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" against the City of Coatesville. Iqbal, 129 S. Ct. at 1949 (internal quotation omitted). Plaintiff's claims against the City of Coatesville and the Coatesville Police Department for false arrest and illegal search and seizure in violation of the Fourth Amendment, and for denying Plaintiff the right to file private criminal complaints against police officers are, accordingly, dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

C. False Arrest

The Amended Complaint asserts a claim for false arrest in violation of the Fourth Amendment against Sergeant Pinto and Police Officer Cooper arising from Plaintiff's May 1, 2008 arrests for trespass. "To establish a Fourth Amendment claim for false arrest, [Plaintiff] must show that [the Police Officers] lacked probable cause to arrest him." Pollock v. City of Philadelphia, No. 10-2041, 2010 WL 5078003, at *3 (3d Cir. Dec. 14, 2010) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)).

The Amended Complaint alleges that Plaintiff was arrested for trespass without probable cause by Sergeant Pinto at 9:00 a.m. on May 1, 2008, while he was in his own residence, 203 Victoria Drive, Coatesville, Pennsylania. (Am. Compl. ¶¶ 9-10, 13, 21.) The Amended Complaint further alleges that Plaintiff was arrested for trespass without probable cause by Police Office Cooper between 9:00 p.m. and 10:00 p.m. on May 1, 2008, again while he was in his own residence. (Am. Compl. ¶¶ 9, 11, 13.) The docket for Plaintiff's trespass case shows that he was charged with defiant trespassing pursuant to 18 Pa. Cons. Stat. Ann. § 3503(b)(1)(i). See Commonwealth v. Simpson, Docket No. CR-0001973-2008 (Chester County Ct. of Common Pleas).[6] An individual commits defiant trespass if "knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by: (i) actual communication to the actor . . . ." 18 Pa. Cons. Stat. Ann. § 3503(b)(1)(i). The Amended Complaint further alleges that both Sergeant Pinto and Police Officer Cooper had been to Plaintiff's residence many times before and knew that

---

[6]Court files and records are public records that may be considered on a motion to dismiss brought pursuant to Rule 12(b)(6). See Miller v. Cadmus Commc'ns, Civ. A. No. 09-2869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)).

12

Plaintiff lived there. (Am. Compl. ¶ 33.) In addition, after Plaintiff's first arrest on May 1, 2008, he went to the Coatesville Police Department and gave verification that he lived at 203 Victoria Drive. (Id. ¶ 36.)

We conclude that the Amended Complaint alleges facts that, accepted as true, plausibly support the proposition that Sergeant Pinto and Police Officer Cooper both knew that Plaintiff lived at 203 Victoria Drive and was thus privileged to be there at the time of his arrests. Therefore, the Amended Complaint plausibly alleges that Sergeant Pinto and Police Officer Cooper did not have probable cause to believe that Plaintiff was a defiant trespasser. We further concluded, therefore, that the Amended Complaint alleges facts that, accepted as true, would support a facially plausible § 1983 claim for false arrest in violation of the Fourth Amendment arising from Plaintiff's May 1, 2008 arrests for trespass. Plaintiff's § 1983 claim for false arrest against Sergeant Pinto and Police Officer Cooper therefore survives the screening required by 28 U.S.C. § 1915A.

### D.   Malicious Prosecution

The Amended Complaint asserts a claim for malicious prosecution in violation of the Fourth Amendment against Sergeant Pinto and Police Officer Cooper arising from Plaintiff's May 1, 2008 arrests and prosecution for trespass. In order to state a claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 81-82 (3d. Cir. 2007) (citing Estate of Smith v. Marasco, 318 F.3d

497, 521 (3d. Cir. 2003)).

The Amended Complaint alleges that Sergeant Pinto and Police Officer Cooper initiated Plaintiff's prosecution for trespass by arresting him on May 1, 2008. (Am. Compl. ¶¶ 10, 11.) The Amended Complaint also alleges that this criminal proceeding ended in Plaintiff's favor, when he was acquitted on August 12, 2008. (Id. ¶ 6.) The Amended Complaint further alleges that both Sergeant Pinto and Police Officer Cooper had been to Plaintiff's residence many times before and knew that Plaintiff lived there, and, accordingly, did not have probable cause to initiate Plaintiff's prosecution for trespass. (Id. ¶ 33.) The Amended Complaint thus alleges facts that make it plausible that Plaintiff could establish the first three elements of a malicious prosecution claim. We next examine whether the Amended Complaint also alleges facts that could establish that Sergeant Pinto and Police Officer Cooper acted maliciously, or for a purpose other than bringing Plaintiff to justice, and that Plaintiff was seized as a consequence of this prosecution.

The Amended Complaint alleges that Plaintiff had negative experiences with both Sergeant Pinto and Police Officer Cooper prior to his May 1, 2008 arrest. Prior to his trespass arrest, Plaintiff had gone to the Coatesville Police Department at least ten times to report that he was being harassed by his landlord and by another tenant, who both destroyed his property, stole items from him, and assaulted him. (Id. ¶ 15.) Police Officer Cooper threatened Plaintiff on one of those occasions, telling him "the next time you come here you'll be arrested." (Id. ¶ 16.) In addition, Plaintiff had been arrested by Sergeant Pinto in 2007 and filed a private criminal complaint against him in connection with that arrest. (Id. ¶ 25.) Plaintiff also filed complaints against Sergeant Pinto with Police Chief Matthews at least twice prior to his May 1, 2008 arrest. (Id. ¶¶ 24, 25.) The Amended Complaint thus alleges facts from which a trier of fact could infer that Police Officer Cooper arrested

14

Plaintiff because he made so many complaints against his landlord and that Sergeant Pinto arrested Plaintiff in retribution for the complaints and the private criminal complaint that Plaintiff filed against him. The Amended Complaint thus alleges facts that make it plausible that Plaintiff could establish the fourth element of a claim for malicious prosecution, that Sergeant Pinto and Police Officer Cooper acted maliciously, or for a purpose other than bringing Plaintiff to justice, when they arrested him for trespass.

Plaintiff's May 1, 2008 arrests do not, in themselves, satisfy the seizure element of a malicious prosecution claim. In order to satisfy the fifth element, therefore, the Amended Complaint must allege facts that would establish that Plaintiff suffered a seizure as a result of the legal proceeding, i.e., his prosecution for trespass, and not just his warrantless initial arrest. See Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998) (stating that, in order to maintain a § 1983 claim for malicious prosecution, the plaintiff "must show that he suffered a seizure as a consequence of a legal proceeding" (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 116-17 (2d Cir. 1995))); see also Singer, 63 F.3d 117 (noting that "Singer's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to his arraignment and without a warrant, and therefore was not 'pursuant to legal process'" (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994), and citing Broughton v. State of New York, 335 N.E.2d 310, 314 (N.Y. 1975))). The Amended Complaint does not allege any facts that would satisfy this element. However, the docket in Plaintiff's trespass prosecution states that Plaintiff was released on $2,500 unsecured bail and that there were many hearings in his criminal case before his trial. That may be enough to satisfy the element of seizure. See Gallo, 161 F.3d at 222 (noting that Gallo had established the seizure element because "he had to post a $10,000 bond, he had to attend all court hearings including his trial and arraignment, he was

15

required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania"). The Amended Complaint, together with the public record, thus alleges facts that make it plausible that Plaintiff could establish the fifth element a malicious prosecution claim.

We conclude, therefore, that the Amended Complaint alleges facts that, accepted as true, would support a facially plausible § 1983 claim for malicious prosecution in violation of the Fourth Amendment arising from Plaintiff's prosecution for trespass. Plaintiff's § 1983 claim against Sergeant Pinto and Police Officer Cooper for violation of his Fourth Amendment rights in connection with his trespass prosecution thus survives the screening required by 28 U.S.C. § 1915A.

### E. Supervisory Liability

The Amended Complaint asserts a claim against Police Chief Mathews arising from the Coatesville Police Department's alleged policy of handcuffing suspects and arresting them before asking any investigative questions. (Am. Compl. ¶ 39.) An individual with supervisory authority may be sued pursuant to § 1983 under two theories. Under the first theory, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). Under the second theory, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. Id. (citing Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995)).

The Amended Complaint does not allege that Police Chief Mathews personally participated in Plaintiff's arrests or prosecution for trespass. Consequently, we consider whether the Amended Complaint alleges that Police Chief Mathews established and maintained a policy which directly caused Plaintiff's arrests and prosecution for trespass. Since the Amended Complaint clearly alleges that both Sergeant Pinto and Police Officer Cooper knew, without asking, that Plaintiff lived at 203 Victoria Drive before they arrested him for trespass, it does not appear that the alleged policy of not questioning suspects before arresting them "directly caused" Plaintiff's arrests and prosecution for trespass. See Lurzerne, 372 F.3d at 586. Having reviewed the Amended Complaint, we conclude that it does not state a claim for supervisory liability against Police Chief Mathews upon which relief may be granted. Plaintiff's claims against Police Chief Mathews for maintaining a policy of handcuffing and arresting suspects prior to asking them any questions is, accordingly, dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Amended Complaint alleges sufficient facts to support facially plausible § 1983 claims against Sergeant Pinto and Police Officer Cooper for false arrest and malicious prosecution in violation of the Fourth Amendment. We further conclude that the Amended Complaint does not allege any other facially plausible § 1983 claims. Plaintiff's claims against (1) Sergeant Pinto and Police Officer Cooper for violation of Article 1, Section 8 of the Pennsylvania Constitution; (2) the City of Coatesville and the Coatesville Police Department for unreasonable search and seizure, and denying Plaintiff's right to file private criminal complaints; and (3) Police Chief Mathews for maintaining a practice of handcuffing and arresting suspects before

17

asking them any investigative questions are, accordingly, dismissed pursuant to 28 U.S.C. § 1915A. Since the Amended Complaint did not assert any claims against Defendants John Doe White Male, John Doe Black Bald Heavy Male, and John Doe Italian Stocky Male, they are dismissed as Defendants to this action. Since the only claim asserted against Police Chief Mathews is dismissed, he is also dismissed as a Defendant to this action. An appropriate order follows.

BY THE COURT:

/s/ John R Padova

John R. Padova, J.